Dr. Robert B. COLEMAN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 96–CV–545.

District of Columbia Court of Appeals.

Argued June 20, 1997.
Decided Feb. 25, 1999.

Eric Steele, filed a supplemental memorandum on behalf of appellant.

Jo Anne Robinson, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Edward E. Schwab, Assistant Corporation Counsel, filed a supplemental memorandum for appellee.

Before SCHWELB, FARRELL, and REID, Associate Judges.

## OPINION FOLLOWING REMAND

FARRELL, Associate Judge:

In this appeal from the rejection of appellant's administrative complaint of unlawful discrimination in the decision to terminate his employment, we previously remanded the record to the Department of Human Rights (DHR) for specific findings as to when the federal grant and contract for the AIDS Demonstration Project under which appellant was employed expired. *See Coleman v.*

---

District of Columbia, 700 A.2d 232, 235 (D.C. 1997). Unfortunately, we conclude that yet another remand is necessary.

### A.

In our first opinion, we pointed to an unresolved conflict in the evidentiary record regarding when the funding grant for the AIDS Project expired. Resolution of that question, we concluded, was important to deciding whether—as appellant claimed and DHR originally had found—appellant was terminated unlawfully by his employer, the Department of Human Services (DHS), on the basis of personal appearance (his shortness of height) and in reprisal for testimony he had given at a discrimination hearing. *See id.* at 233. DHS's contrary position, which had been sustained on administrative appeal,[1] was that appellant's term of employment expired with the lapse of the funding grant under which he had been hired.

On remand, DHR entered written findings of fact which traced the history of the grant for the AIDS Project as follows:

The evidence now in the record shows that the Grant in issue was scheduled to end on April 30, 1990. On April 9, 1990, [DHS] submitted a request to the grantor, NIDA [the National Institute on Drug Abuse], to extend the grant for sixty (60) more days until June 30, 1990, to allow [DHS] to close down the project and prepare to submit a final report. NIDA granted the requested extension on April 27, 1990.

Before the close down scheduled for June 30, 1990, NIDA advised [DHS] to consider applying for other grant funds to continue the project for another year even though NIDA stated that they did not have nor did they anticipate having sufficient funds to fund the project at the same level for another year. The record shows that on June 14, 1990, [DHS] requested that NIDA approve and fund the project for another year with a proposed ending date of July 31, 1991.[DHS] submitted a

---

1. DHS had appealed DHR's finding of discriminatory termination to the City Administrator under then-prevailing rules. On further appeal, the Superior Court upheld the City Administrator's rejection of the complaint.

project budget with the extension request that did not include the Complainant's [appellant's] prior position, Research Director/Psychologist. NIDA approved the request for an additional year for the Grant directing [DHS] to use the unexpended funds from the prior year to cover the cost with a final termination date of July 31, 1991.

Based upon these facts, DHR found that appellant, a term employee, had been terminated simply because he "was not covered under a grant beyond June 30, 1990." Specifically,

> [t]he record shows that the project that provided funds for the Complainant's salary ended on June 30, 1990 based on [DHS's] requested three month extension from the initial ending date of April 30, 1990. The record shows that the additional three months were requested to provide [DHS] with the time needed to close down and prepare a final report. The subsequent extension of the project into 1991 *contained a different scope of work and different funded personnel* because [DHS] was limited by having only the unexpended funds from the original Grant to support the project after June 30, 1990. The Complainant's position was not included in the budgets submitted and approved by NIDA for the component of the project that operated from July 1, 1990 to June 30, 1991. [Emphasis added.]

### B.

Upon review of these findings and the supplemental record, we conclude that factual questions remain which prevent us from affirming the rejection of appellant's discrimination claim at this time. When we remanded the record, we asked DHR to make its supplemental findings "as expeditiously as possible," *id.* at 235, but otherwise we said nothing about the process it should follow. Appellant contends, and the District of Columbia does not dispute, that he was not given an opportunity to present evidence on remand or to comment on new materials obtained and considered by DHR in the course of the remand. Appellant argues that DHR, in resolving the question of timing we posed to it, was bound to follow the notice and hearing procedures of the Administrative Procedure Act, D.C.Code § 1–1509(a) & (b) (1992). However, we need not answer that question, because on receiving DHR's supplemental findings, appellant submitted a memorandum and affidavit to the agency disputing the findings factually. The issues raised by the affidavit are sufficiently troublesome that DHR must consider them before we can review its ultimate finding of no discrimination. The evidentiary format by which it does so we leave to the agency in the first instance.

DHS's original Budget Justification for the grant to support the AIDS Project included the position (among others) of Research Director, Clinical Psychologist, to be filled by appellant; it contained no position designated Supervisory Post–Test Counselor. The application for renewal of the grant through July 1991, by contrast, eliminated the position of Research Director, Clinical Psychologist, and provided for (among others) the job of Supervisory Post–Test Counselor. This apparently reflected the limited aim of the AIDS Project for the additional year: its "different scope of work," as DHR elsewhere found, was "to provide an orderly shut down of the project by July 31, 1991."

In his affidavit, however, appellant stated that, though his position had been entitled "clinical psychologist," he,

> like other staffers, performed a myriad of duties [during the original grant-period] beyond my position description. Most notably, I coordinated the Project counseling activities and the group and individual intervention activities, the job responsibilities of a "supervisory post-test counselor."

Moreover, he asserted that *"[n]one of the* other staffers undertook the responsibilities of coordinating the Project counseling activities, and the group and individual intervention activities" (emphasis added). And, while he "remained able and willing to continue performing these 'supervisory post-test counselor functions' " during the extension period, he understood that "no one [had] assumed the supervisory counseling position following my termination, and these job duties re-

mained unfulfilled during this subsequent fourteen month period."

These assertions, if true, make out a non-frivolous claim that the only significant way in which the AIDS Project changed during the extension period was that appellant lost his job. While nominally the grant proposal for the extension did not include his former position, in fact he, and only he, had been performing the duties embraced by the ostensibly new position of Supervisory Post–Test Counselor. And after he was terminated, that job remained unfilled throughout the extension period. If proven, these claims obviously would not be inconsistent with DHR's original finding that appellant's termination stemmed from a pattern of discrimination against him. But, of course, they are only assertions. In fact, we do not know anything about the similarity of the two positions;[2] or whether appellant—alone—had actually been doing the job of Supervisory Post–Test Counselor; or whether, and if so why, that job remained unfilled during the extension period. Resolution of these questions is necessary to an evaluation of DHS's position, ultimately accepted by DHR, that appellant was terminated as a natural part of the retrenchment linked to shut-down of the AIDS Project, rather than as a result of unlawful bias. DHR, as factfinder, must address them in the first instance.

Accordingly, we vacate the order of the Superior Court affirming the City Administrator's rejection of appellant's complaint, and remand the case to DHR for further proceedings not inconsistent with this opinion.

*So ordered.*

---

**2.** One relevant fact would likely be the salary differential. As Research Director, Clinical Psychologist, appellant had been the highest-paid member of the Project staff. The proposed salary for the Supervisory Post–Test Counselor appears to have been considerably smaller.